# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re:* A.S.

**No. 12-1040 (Barbour County 11-JA-15)**

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother, by counsel Justina Helmick, appeals the Circuit Court of Barbour County's order entered on August 9, 2012, terminating her parental rights. The guardian ad litem, Karen Hill Johnson, has filed her response on behalf of the child. The West Virginia Department of Health and Human Resources ("DHHR"), by Lee Niezgoda, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The abuse and neglect action was filed after both parents filed domestic violence petitions against one another. The child was removed from the home based on the allegations of domestic violence in the home and allegations of drug abuse by Petitioner Mother. After Petitioner Mother tested positive for drugs following the filing of the abuse and neglect petition, she sought inpatient drug treatment. She admitted to the allegations in the petition and, after being adjudicated as abusing and neglectful, was granted an improvement period. She became pregnant again upon her release from drug treatment, and she relapsed on drugs while pregnant. The circuit court found that Petitioner Mother continues to use drugs, although she has been in treatment and is now pregnant, and that it does not appear that she will overcome her drug addiction. The circuit court found that the abuse and neglect cannot be corrected in the foreseeable future and terminated her parental rights. Post-termination visitation was ordered to be decided by the multi-disciplinary treatment team. There is no indication in the record as to the decision of the multi-disciplinary treatment team.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left

1

with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in terminating her parental rights because she admitted the allegations in the petition and participated in services in an effort to improve the situation. Petitioner argues that although she could not care for her child presently, the child should be placed in a legal guardianship situation. Petitioner also argues that the circuit court erred in not ordering post-termination visitation, given the bond with her child and with whom she regularly visited. Finally, petitioner argues that imminent danger did not exist at the time the petition was filed; therefore, the child should not have been removed from the home.

The guardian responds in favor of the termination of parental rights and argues that petitioner failed to successfully complete her improvement period and that there is no indication that petitioner can overcome her drug addiction. Thus, the guardian argues that the best interests of the child require termination so that permanency can be achieved. As to visitation, the guardian indicates that visitation was not denied and, therefore, is not an issue ripe for appeal. Finally, the guardian argues that imminent danger to the child did exist as both parents indicated that there was domestic violence occurring in the home while each parent was holding the child. The DHHR also responds in support of the termination of parental rights and indicates that petitioner has minimized the issues in the case and that there is no evidence that an extended improvement period would serve any purpose other than delaying permanency.

This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Likewise, this Court finds no error in the removal of the child based on imminent danger relating to the pattern of domestic violence in the home. As to post-termination visitation, petitioner has not been denied visitation and thus this Court will not address this assignment of error.

This Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference,

requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, the circuit court's order terminating petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3